# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  **v.**                                          **Case No.    04-C-00838**
                                                                **(98-CR-106)**

**JORGE LOPEZTEGUI,**

        **Movant.**

## DECISION AND ORDER

Previously, Jorge Lopeztegui ("Lopeztegui") filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court, on April 6, 2005, dismissed Lopeztegui's motion as untimely. The Court, in its order, pointed out that Lopeztegui, while admitting that his motion was untimely, argued that the Court should nevertheless consider his submission because *Blakely v. Washington*, 542 U.S. 296 (2004) provided retroactive relief. Lopeztegui was mistaken. The Court ruled that, insofar as Lopeztegui provided a legally insufficient justification for his admittedly tardy submission, his motion should be dismissed. Lopeztegui now seeks a certificate of appeal to overturn this Court's judgment.

The procedures governing the issuance of certificates of appeal for Section 2255 motions are found in 28 U.S.C. § 2253 and Rule 22 of the Federal Rules of Appellate Procedure. A Section 2255 movant can file an appeal only if "a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). After the movant has filed a notice appeal, the district judge who adjudicated the motion must "either issue a certificate of appealability or state why a certificate should not issue." *Id.* The appellant must specify those issues which substantially show the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) & (3). This standard is satisfied if the movant shows that reasonable jurists could debate whether the Court should have resolved the motion differently. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). However, the movant need not show that some jurists would have granted the motion. *Id.* at 338. Rather, the movant must demonstrate that a reasonable jurist could find the Court's resolution debatable or wrong. *Id.*

In his "application for appeal," Lopeztegui admits that his appeal is untimely and explains that that the prisoner preparing his appeal became unavailable for a period of time. Except for those circumstances hampering his efforts, Lopeztegui claims that he would have timely appealed the Court's dismissal of his motion. Lopeztegui states that he now wishes to raise issues not contained in his original motion.

First, the Court notes that it is limited in the extensions of time it may grant under Rule 4 of the Federal Rules of Appellate Procedure. Over nine months have lapsed since the

2

Court entered judgment dismissing Lopeztegui's motion. Furthermore, even if Lopeztegui's motion for a certificate of appeal were timely, the Court would deny the request. Lopeztegui does not contest the propriety of the dismissal of his motion as untimely. The Seventh Circuit Court of Appeals made clear, in *McReynolds v. United States*, that *Blakely* did not establish a new rule of law regarding the Federal Sentencing Guidelines. 397 F.3d 479 (7th Cir. 2005). Neither *Blakely* nor *Booker v. United States*, 543 U.S. 220 (2005) provides Lopeztegui with a ground for relief. Similarly, those cases do not provide a loophole through which an admittedly tardy motion may slip.

That leaves Lopeztegui with the argument that he trusted a fellow inmate for advice and now wishes to bring new grounds before the Court. There are likely many prisoners who wish they had not relied on the advice of fellow inmates. However, such explanations do not constitute sufficient grounds for issuing a certificate of appeal, particularly when Lopeztegui has not claimed a violation of his constitutional rights or provided any reason why the Court's dismissal was improper. Lopeztegui has two options at this point. He may petition a circuit judge to issue his certificate of appeal. *See* Fed. R. App. P. 22(b)(1). Or, if Lopeztegui wishes to raise grounds not contained in his original motion, he must comply with the requirements for filing a successive motion codified in 28 U.S.C. §§ 2244, 2255.

3

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Lopeztegui's Request for a Certificate of Appealability is **DENIED**.

Dated at Milwaukee, Wisconsin this 6th day of February, 2006.

                              **BY THE COURT**

                              s/ Rudolph T. Randa
                              **Hon. Rudolph T. Randa**
                              **Chief Judge**